Case 4:21-cv-01122   Document 5   Filed on 04/16/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY PAUL RIVERS, (TDCJ-CID #1272218) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-21-1122 |
| WARDEN J. RICHARDSON, | § § § | |
| Defendant. | § | |

**MEMORANDUM ON DISMISSAL**

Johnny Paul Rivers, a Texas Department of Criminal Justice inmate, sued in April 2021, alleging civil rights violations resulting from a denial of proper nutrition. Rivers, proceeding pro se, sues J. Richardson, warden of the Estelle Unit. Rivers seeks leave to proceed in forma pauperis. (Docket Entry No. 2). The threshold issue is whether Rivers's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.      Rivers's Allegations**

Rivers complains that he, along with the inmates at the Estelle Unit, were provided sack lunches for all three daily meals. Each meal consisted of two sandwiches and two corn tortillas. He indicates that for breakfast, he received two boiled eggs or one cup of scrambled eggs, dry cereal, and a carton of milk. This took place over a period of forty-five days. He complains that he was not provided any hot meals, cooked vegetables, fruit, bread, or desserts. He explains that he is elderly as well as disabled, and the lack of proper nutrition created a life or death situation. (Docket Entry

No. 1, p. 8). He also complains that he was required to remain in his cell and deprived of access to the dayroom and recreation. Rivers indicates that the cell restriction was imposed to prevent the spread of COVID-19. Rivers seeks injunctive relief in the form of an order requiring Defendant Richardson to provide hot meals, access to the dayroom, chapel services, and access to the law library.

## II.     Analysis

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, Rivers had at least three suits dismissed as frivolous. *Rivers v. Williams,* 3:01-2676 (N.D. Tex.)(dismissed as frivolous on February 4, 2002); *Rivers v. Schaffer,* 3:98-1204 (N.D. Tex.)(dismissed as frivolous on October 23, 1998); and *Rivers v. Wilson*, 4:91-2763 (S.D. Tex.)(dismissed as malicious on September 24, 1991).

Rivers mentions that he is in danger due to the lack of proper nutrition. He is apparently trying to avail himself of the imminent-danger exception. (Docket Entry No. 1, p. 4). The Fifth Circuit holds that the plaintiff must show "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998); accord *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citations omitted). Conclusory allegations are insufficient to carry that burden. *Smith v. Blount,* 258 F. App'x 630, 630 (5th Cir. 2007) (unpublished). Established Fifth Circuit precedent requires that civil rights claimants must state specific facts, not conclusory allegations.

*Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996).

A speculative possibility of danger does not suffice to show Rivers is in imminent danger. To overcome the sanction bar imposed against him, Rivers must show that he is actually in imminent danger at the time that he seeks to file his suit. The Court has reviewed all of the filings in this action. The allegations of imminent danger are conclusory and do not support a finding that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Indeed, Rivers complains that he was provided sack lunches for a period of forty-five days. Nothing is articulated suggesting that Rivers faced any danger to his person at the Estelle Unit at the time he filed this complaint.

In the present case, Rivers has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Rivers is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

### III.    Conclusion

Rivers's motion to proceed as a pauper, (Docket Entry No. 2), is DENIED. The complaint is DISMISSED under 28 U.S.C. § 1915(g).[1] All pending motions are DENIED. Rivers is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this Order by regular mail, facsimile transmission, or e-mail to:

(1)    the TDCJ - Office of the General Counsel at the e-mail address on file with the

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

Court; and

(2)   the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on   April 16   , 2021.

                                                    VANESSA D. GILMORE
                                                  UNITED STATES DISTRICT JUDGE